Filed 9/19/23  P. v. Rhone CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>TARUS TASHUME RHONE,<br><br>        Defendant and Appellant. | C096805<br><br>(Super. Ct. No. MAN-CR-FECOD-2017-0005740) |

In 2018, defendant Tarus Tashume Rhone pleaded no contest to second degree attempted murder (Pen. Code, §§ 664, 187, subd. (a)),[1] admitted an enhancement allegation that he personally inflicted great bodily injury (§ 12022.7, subd. (a)), and admitted a prior strike conviction allegation.  The parties stipulated to the preliminary hearing transcript as the factual basis for the plea.  The trial court sentenced defendant to the middle term of seven years in prison, doubled to 14 years for the prior strike conviction, plus three years for the great bodily injury enhancement, for a total of 17 years in prison.

In 2022, defendant filed a petition for resentencing under former section 1170.95, now section 1172.6.[2]  The trial court denied the petition at the prima facie stage based

_____

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6, with no change in the text.  (Stats. 2022, ch. 58, § 10.)

1

on defendant's plea and the preliminary hearing transcript.

Defendant now challenges the trial court's denial of his petition for resentencing. Finding no error, we will affirm the trial court's order.

## BACKGROUND

Two witnesses testified at defendant's preliminary hearing. The victim, Robert C., said he got into an argument with L.M., who was dating defendant. When Robert departed, L.M. followed him, and then defendant followed him. Defendant pulled alongside Robert and shot him seven times through the car window.

Robert's mother said she was in L.M.'s car at the time of the shooting. Robert's mother saw defendant shoot Robert.

In 2022, defendant filed a petition for resentencing alleging he could not be convicted of attempted murder because of the changes made to sections 188 and 189. The trial court held a hearing and concluded defendant had not made a prima facie case for relief. The trial court said that in entering his plea, defendant stipulated to the preliminary hearing transcript as the factual basis, admitting all elements of the attempted murder charge and the enhancement allegation.

## DISCUSSION

As relevant here, section 1172.6 permits an individual convicted of attempted murder under the natural and probable consequences doctrine to be resentenced. (§ 1172.6, subd. (a).) The petitioner must make a prima facie showing that the petitioner is entitled to relief. (§ 1172.6, subd. (c).) The California Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first

2

conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)  At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion.  (*Id.* at p. 972.)  " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*Id.* at p. 971.)

Defendant argues the record of conviction does not conclusively establish he was not convicted of attempted murder under the natural and probable consequences doctrine. Attempted murder requires an intent to kill and a direct act toward accomplishing the intended killing.  (*People v. Lee* (2003) 31 Cal.4th 613, 623.)  Defendant claims that at the time of his plea, intent to kill could have been imputed to him under the natural and probable consequences doctrine.  (See *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007.)  In addition, personal infliction of great bodily injury under section 12022.7 does not require an intent to inflict great bodily injury, nor does it require an intent to kill or actual malice.  (See *People v. Elder* (2014) 227 Cal.App.4th 411, 424.)  Defendant contends that on this record, his no contest plea to attempted murder and his admission of the great bodily injury enhancement allegation did not necessarily render him ineligible for resentencing at the prima facie stage.

But the preliminary hearing transcript, to which defendant stipulated as the factual basis for his plea, established that defendant was the actual shooter.  There is no evidence in the record that would support a conviction under the natural and probable consequences doctrine.

Although defendant relies on *People v. Rivera* (2021) 62 Cal.App.5th 217, that case is distinguishable.  The defendant pleaded guilty to murder and stipulated to a grand jury transcript as the factual basis for the plea.  The appellate court concluded that was insufficient to find the defendant ineligible for resentencing as a matter of law because the evidence was consistent with guilt under the natural and probable consequences

3

doctrine based on an intent to participate in the target offense of assault. (*Id*. at pp. 223-224, 239.) Such circumstances are not present here.

The trial court could rely on the record of conviction to determine whether defendant made the requisite prima facie showing (*Lewis, supra*, 11 Cal.5th at pp. 970-971), and the preliminary hearing transcript was part of the record of conviction because defendant stipulated to it as the factual basis for his plea (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481; *People v. French* (2008) 43 Cal.4th 36, 50-51). The evidence at the preliminary hearing did not support a finding that the crime could have been committed in a manner requiring resentencing. (*People v. Flores* (2022) 76 Cal.App.5th 974, 991 (*Flores*).)

Because the record of conviction conclusively refuted defendant's petition (*Flores, supra*, 76 Cal.App.5th at p. 991) and rendered him ineligible for resentencing as a matter of law, defendant did not make a prima facie showing for relief under section 1172.6.

DISPOSITION

The trial court order denying the petition for resentencing is affirmed.

/S/

MAURO, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

BOULWARE EURIE, J.

4